(No. 25241.—

THE PEOPLE *ex rel.* MILO V. MARTIN, Appellee, *vs.* THE VILLAGE OF OAK PARK *et al.* Appellants.

*Opinion filed December 12, 1939.*

John F. Tyrrell, and Robert C. Barney, for appellants.

Joseph Imburgio Bulger, for appellee.

Mr. Justice Murphy delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Cook county awarding a writ of *mandamus*. Therein it was ordered: (1) That the six trustees of the village of Oak Park should draw lots to determine the three to serve for two years and the three to serve four years. In event of the refusal of any trustee or trustees to obey the mandate, the president of the village board was ordered to make the drawing. (2) The village president, clerk and trustees functioning as the board, were ordered to take the necessary steps to hold the regular biennial election on the first Tuesday of April, 1939, for the purpose of electing three village trustees.

By an amendment of the Cities and Villages act, made in 1933, and effective July 1 of that year, section 8 of article 11 thereof was amended to read, in part: "The trustees elected to succeed those whose terms expire in 1934 shall hold their offices for one year and the successors of the trustees whose terms expire in 1935 shall be elected on the first or third Tuesday of April of such year, as the case may be, and biennially thereafter to hold for a term of two years and until their successors are elected and qualified." Section 13 of this amendatory act provided for the election of all village trustees in April, 1934, and in each odd numbered year thereafter. The amendatory act further provided that successors to the trustees, whose terms expired in 1934, should only serve for one year. The result of the amendment was that the terms of office of all the trustees expired at the same time in 1935. At the regular election in 1935, the six trustees were elected for a two-year term.

After the regular village election in April, ˙1935, the Fifty-ninth General Assembly adopted two amendatory acts to the Cities and Villages act, each of which set forth the whole of section 8 of article 11, respectively, as amended. The first, House Bill 239, approved June 29, 1935, effective July 1, 1935, provided, in part: "The term of office of trustees shall be the same as is provided for aldermen in cities." (Smith-Hurd Stat. 1935, chap. 24, par. 146.) This amendatory act also amended section 3 of article 3 by changing the term of office of aldermen elected after July 1, 1935, from two to four years, and made provision for the drawing of lots to determine who should serve the short and who the long term. The second amendatory act of 1935, House Bill 1058, fixed the term of office of trustees at two years, and was, as to all matters material to this suit, a reenactment of the amendatory act of 1933. It was approved by the Governor after July 1 of the year in which it was passed, and became effective on the date of its approval July 3, 1935. *People* v. *Kramer,* 328 Ill. 512; *Board of Education* v. *Morgan,* 316 id. 143.

A general rule of construction is that if an act or section of an act be amended, and the amendment does not entirely repeat the original act or section, such portions not repeated are repealed without any specific expression for that purpose. The omitted portion cannot be legislated into existence by judicial construction. The portions of the old act or section retained, either literally or substantially in the amendment, are regarded as a continuation of the old law and not a new enactment. (*Merlo* v. *Johnston City Coal and Mining Co.* 258 Ill. 328; *People* v. *Baltimore and Ohio Southwestern Railroad Co.* 366 id. 318.) Another well-recognized rule which should be used in construing both amendatory acts of 1935 is that two acts passed at the same session of the legislature are not to be construed as inconsistent, if it is possible to construe them otherwise; but when it is impossible to give effect to both acts, the later one in point of time will prevail. *People* v. *Baltimore and*

*Ohio Southwestern Railroad Co. supra; People* v. *Illinois Central Railroad Co.* 295 Ill. 408.

The amendatory act of June 29, 1935, declared the term of office of village trustees to be the same as for aldermen which was, by section 3 of article 3, four years for all elected after July 1, 1935. The act of July 3, 1935, fixed the term of trustees of villages at two years, thereby giving rise to such an inconsistency between the two 1935 acts that the foregoing rule of construction is applicable. The amendatory act of July 3, 1935, controlled in the election of trustees in 1937, and the terms of office of all trustees, then elected, were two years.

In 1939, section 8 of article 11 was again amended. This became effective February 23 of that year because of an emergency clause. It now reads, in part: "The term of office of trustees shall be four years and until their successors are elected and qualified; provided, that all trustees hereafter elected at the first election held in any village, and all trustees elected in the year 1937, shall by lot designate one-half of their number, whose terms shall expire at the end of two years, from the date of such election." (Ill. Rev. Stat. 1939, chap. 24, par. 146.) Section 13 of the amended act directs the election of trustees in April of each odd-numbered year.

The amendments of 1939 became effective by virtue of the emergency clause, three days after appellee instituted this proceeding. In the original petition, appellee based his claim for a writ of *mandamus* upon the erroneous theory the act of June 29, 1935, controlled over the act of July 3, 1935, and all trustees elected in April, 1937, had been elected for four years. March 3, after the adoption of the above amendments, appellee filed an amended petition and included therein all that was contained in the original petition and, in addition, pleaded these last amendments.

The proviso in the act as amended in 1939, directing all trustees elected in the year 1937 to draw lots to designate the ones whose terms should expire two years from that

election, was enacted on the assumption that the act of June 29, 1935, fixing the terms at four years, controlled in the election in 1937, and that all the trustees, then chosen, had been elected for a four-year term. Since the provision for a four-year term in the act of June 29, 1935, was repealed by the amendatory act of July 3, 1935, the provision in the amendatory act of February 23, 1939, was inoperative, and there was no statutory duty enjoined upon the trustees to designate, by lot, the ones whose terms should be for two years from April, 1937. Under this construction, appellee had no right, under either of the amendatory acts of 1935 or the amendments of 1939, to compel the trustees to determine their respective terms of office by the drawing of lots.

The writ awarded March 6, 1939, based upon the prayer of the amended petition, commanded the trustees to take the necessary steps for holding the biennial election in the following April. At the time of the filing of the amended petition and the entry of the order directing the issuance of the writ, there remained ample time for the trustees, in the performance of their official duties, to have called the election. The writ of *mandamus* cannot issue to become effective upon the possibility that public officials may subsequently determine they will not perform the duties required by statute. The refusal or neglect of a public official to do that which the statute enjoins him to do, furnishes the foundation for the issuance of the writ. If there has not been such refusal or neglect at the time of the institution of the proceedings, the writ cannot issue.

The judgment of the circuit court of Cook county is reversed and the cause is remanded, with directions to quash the writ of *mandamus*.

*Reversed and remanded, with directions.*