(No. 26152.—

THE PEOPLE *ex rel.* S. B. Vaughan, County Collector, Appellee, *vs.* GUY A. THOMPSON, Trustee, Appellant.

*Opinion filed June 13, 1941—Rehearing denied September 15, 1941.*

Josiah Whitnel, (Thomas T. Railey, George A. Hickman, and Whitnel, Browning, Listerman & Walker, of counsel,) for appellant.

Leonard J. Dunn, State's Attorney, for appellee.

Mr. Chief Justice Gunn delivered the opinion of the court:

Upon application of the county collector of Franklin county for judgment for 1939 delinquent taxes appellant, Guy A. Thompson, trustee of the Missouri Pacific Railroad Company, objected to a levy of 84 cents on the $100 in Non-High School District No. 107 for the purpose of .paying interest and retirements for the year 1939 on $132,000 of bonds. The amount of tax was $687.86. In addition to the tax levy for bonds a levy of 75 cents on the

$100 was made for educational purposes, making a total levy for Non-High School District No. 107 of $1.59 on the $100. Appellant paid the educational tax, but objected to the bond purpose tax. Its objections were overruled and judgment entered against it. The appeal comes directly to this court because the revenue is involved.

The tax was levied by the non-high school board of education for district 107 of Franklin county. The educational levy was for $40,000, which took the entire 75-cent rate authorized by law. (Ill. Rev. Stat. 1937, chap. 122, par. 102.) The only authority for the issuance of the $132,000 in bonds was a resolution of the non-high school board of education for district 107 on April 7, 1939. The act of April 12, 1937 (Ill. Rev. Stat. 1937, chap. 122, par. 102d) authorized any non-high school district until January 1, 1938, to issue bonds for the purpose of paying unpaid tuition claims or judgments obtained against a non-high school district, or other claims against said district. No election was ever held in the school district authorizing the issuance of the bonds involved, as required by paragraph 102d, *supra.*

The contention of appellant is that a non-high school district, at the time of the levy here involved, was limited to a levy of 75 cents on the $100, (Ill. Rev. Stat. 1937, chap. 122, par. 102,) and that no authority existed in April, 1939, to issue non-high school bonds. Appellee, on the other hand, contends that such non-high school district was authorized to issue bonds under the act of 1937 (Ill. Rev. Stat. 1937, chap. 122, par. 327.56) which authorized *any school district,* operating under general law or special charter, having a population of 200,000 or less, until July 1, 1939, to issue bonds for the purpose of paying orders issued for the wages of teachers or the payment of claims against such district.

Appellee also claims that the judgment of the county court was proper because of a validating act enacted in

1939. (Ill. Rev. Stat. 1939, chap. 122, par. 406.10.) Under the statute in effect on April 7, 1939, the power of a non-high school district to levy taxes was limited to 75 cents on the $100 valuation. A local governmental body has no inherent power to issue bonds, and, in the absence of statutory authority, such power does not exist. (*People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 360 Ill. 180; *People* v. *Chicago Heights Terminal Railway Co.* 319 id. 389.) Under the statute a non-high school district's power to levy taxes is limited by the rate specified therein. (*People* v. *Wabash Railway Co.* 374 Ill. 165.) It is equally true that under the act of April 12, 1937, (Ill. Rev. Stat. 1937, chap. 122, par. 102d) the authority of the non-high school district to issue bonds for the purposes therein specified expired on January 1, 1938, more than a year before the resolution of April 7, 1939, was adopted. The bonds, therefore, could not be issued by reason of any inherent authority existing in the non-high school district, or by reason of anything contained in the act of April 12, 1937.

The resolution authorizing the issuance of the bonds in question contains a recital that it is pursuant to authority of "an act to authorize school districts having a population of 200,000 or less to issue bonds for the payment of orders issued for wages of teachers," etc. (Ill. Rev. Stat. 1937, chap. 122, par. 327.56.) This leads us to a consideration of whether this statute applies to non-high school districts, the appellant claiming that it is limited to school districts other than non-high school districts, while appellee claims that because a non-high school district has been considered as properly a part of the system of free schools authorized by the constitution, (*People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 288 Ill. 70; *People* v. *Chicago and Northwestern Railway Co.* 286 id. 384;) therefore, such non-high school district is comprehended within the term "school districts" described above. (Ill. Rev. Stat.

1937, chap. 122, pars. 327.56-327.61.) Chapter 122, paragraph 102d, *supra,* relating to non-high school districts, and paragraphs 327.56-327.61 were both enacted at the same session of the legislature. They have substantially different provisions. Paragraph 102d specifically refers to "non-high schools districts." The bonds issued are for paying *unpaid tuition* claims or judgments for same, an election must be called authorizing such bonds, the resolution authorizing the same must be filed in the county in which the non-high school district is situated, and there is an emergency clause which recites that non-high school districts, being unable to pay tuition, are in danger of having high schools refuse to take students until the tuition is paid. Paragraphs 327.56-327.61 contain the following provisions: They apply to any school district operating under general law or special charter having a population of 200,000 or less; until July 1, 1939, the district may issue bonds for the purpose of paying orders issued for *wages of teachers,* or for the payment of claims against such district. Paragraph 327.57 requires a resolution reciting the necessity of bonds and for giving notice of such intention for the period of thirty days, after which the board may issue bonds, unless a petition signed by not less than ten per cent of the legal voters shall require an election to be held, in which instance the form of the official ballot is specified. Paragraph 327.59 requires the filing, with the county clerk in *each county* in which any portion of such school district is situated, of a certified copy of the resolution authorizing the bonds, and also provides that the tax necessary for paying principal and interest· shall be in addition to and in excess of taxes which may be levied for educational or building purposes, under section 189 of the act to establish a system of free schools.

These differences in the statute indicate clearly that paragraphs 327.56-327.61 have no application to non-high school districts because (1) an election is necessary for

non-high school districts, and is only necessary in other districts if required by a petition of the voters; (2) the authority to issue such bonds expired January 1, 1938, for non-high school districts, and July 1, 1939, for other districts; (3) the resolution authorizing bonds for non-high school districts is filed in one county, as a non-high school district does not extend beyond county lines; for other schools the resolution is filed in each county in which a district exists, as a school district under the general law may be in parts of one or more counties; (4) non-high school districts are only authorized to levy 75 cents on the $100 whereas district schools may levy $1 for educational and 38 cents for buildings under section 189 of the School law, (Ill. Rev. Stat. 1937, chap. 122, par. 212,) unless, under special circumstances, more is authorized by a vote of the people; (the reference in paragraph 327.59 to the bond tax being in excess of the limitations of section 189 clearly has reference to the district school tax) and (5) the bonds authorized for non-high school districts are for the payment of *tuition,* and the bonds authorized by paragraph 327.56 are for the payment of wages of teachers. Non-high school districts do not have teachers, but only pay tuition to the high school districts to which they send their pupils.

Acts enacted at the same session of the legislature must be considered *in pari materia,* so that both acts, if possible, may be given effect. (*People* v. *Village of Oak Park,* 372 Ill. 488; *People* v. *Illinois Central Railroad Co.* 337 id. 276.) Acts relating to the same subject matter, passed at the same session of the General Assembly should be construed with reference to each other. (*People* v. *Barrett,* 309 Ill. 53.) Acts so passed are not to be considered as inconsistent if it is possible to construe them otherwise. (*People* v. *Illinois Central Railroad Co.* 295 Ill. 408; *People* v. *Atchison, Topeka and Santa Fe Railway Co.* 370 id. 420.) Viewed in this manner, there can be no doubt but that

the authority to issue bonds by non-high school districts is controlled by paragraph 102d, *supra,* and that paragraphs 327.56-327.61 were not intended to apply to non-high school districts, as the terms and provisions thereof construed with reference to paragraph 102d indicate that a different method of procedure was enacted for the two kinds of school districts. We therefore conclude that the resolution of the directors of Non-High School District No. 107, purporting to authorize bonds under paragraphs 327.56-327.61 was unauthorized, for the reason that such statute had no application to non-high school districts.

Appellee relies upon the validating act enacted May 5, 1939. (Laws of 1939, page 1082.) There are several requirements contained in this validating act to which the acts and proceedings of Non-High School District No. 107 did not conform. We do not notice the particulars in this respect, because as pointed out above, such district did not conform in any way to the provisions of paragraph 102d, *supra,* and was not authorized, by the provisions of paragraphs 327-56-327.61, *supra,* to issue bonds. Such being the case the validating act relied upon attempts to make bonds legal and lawful, which, at the time of their authorization and issue, were unauthorized by law. There was no authority in law for the issuance of such bonds. In *People* v. *Pennsylvania Railroad Co.* 375 Ill. 85, it was held that an action which purports to authorize a greater increase in a school tax rate than is authorized by statute in force when an election is held, is null and void, and that the General Assembly has no power, by a later act, to validate or cure such illegal and unauthorized action. In this case, there being no authority for the issuance of the bonds in question, an unauthorized tax amounting to 84 cents on the $100 was levied by the non-high school district which, for the reasons pointed out above, was absolutely void. As stated in *People* v. *Pennsylvania Railroad Co. supra,* to hold the validating act in this proceeding effective would be to approve a tax imposed upon the people of such

non-high school district by the General Assembly, in violation of sections 9 and 10 of article 9 of the constitution. A validating act cannot confer jurisdiction where none existed; it can validate an irregular exercise of power, but it cannot cure the complete want of authority to act. *People* v. *Chicago and Eastern Illinois Railway Co.* 365 Ill. 202; *People* v. *Ervin,* 375 id. 435.

It follows that the judgment of the county court of Franklin county, overruling the objections of appellant to the levy of 84 cents on the $100 for the payment of principal and interest on bonds issued by said Non-High School District No. 107, was wrong. The objections should have been sustained.

The judgment of the county court of Franklin county is reversed. *Judgment reversed.*