(No. 30806.—

THE PEOPLE *ex rel.* Arnold Funk, Appellant, *vs.* RAYHILL
HAGIST *et al.*, Appellees.

*Opinion filed November 18, 1948.*

Louis P. Zerweck, State's Attorney, and F. E. Merrills, both of Belleville, for appellant.

House & House, of Nashville, for appellees.

Mr. Chief Justice Fulton delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of St. Clair County, dismissing appellant's complaint in a *quo warranto* proceeding charging the unlawful and illegal organization of Community Consolidated School District No. 10 in said county. The validity of a statute being involved, the appeal was perfected to this court.

On May 1, 1947, there was filed with the county superintendent of schools of St. Clair County a petition signed by at least 200 voters residing in the territory described in the petition, requesting that said superintendent call an election for the purpose of voting for or against the establishment of a community consolidated school district. The territory described in the petition included fifteen common school districts in St. Clair County. The petition also set forth the maximum tax rates for educational and building purposes which the proposed district would be authorized to levy, stating specifically that said rates were not to exceed .90 per cent of the full, fair, cash value as equalized or assessed by the Department of Revenue for educational purposes and .25 per cent for building purposes and the purchase of school grounds.

The county superintendent of schools, in compliance with said petition, called an election for Saturday, May 17, 1947, and posted notices thereof. The election was held and, after the returns were canvassed, the county superintendent of schools declared that a majority of the votes cast at said election were in favor of establishing a com-

munity consolidated school district, and thereupon called an election for members of a board of education, to consist of a president and six members, to be held on June 14, 1947. At this election the defendant Rayhill Hagist was elected president and the remaining six defendants were elected members. Subsequently the county superintendent of schools designated the district as Community Consolidated School District No. 10, St. Clair County, Illinois.

A complaint in *quo warranto* was filed in the circuit court of St. Clair County on September 4, 1947, by the State's Attorney of St. Clair County, Louis P. Zerweck, on the relation of Arnold Funk, the plaintiff-appellant, contending that the said president and members of Community Consolidated School District No. 10 in St. Clair County were unlawfully holding and executing the said offices.

The complaint challenged the organization and legal existence of the school district in general and particularly asserts that article 8 of the School Code and certain sections thereof violate the provisions of the State constitution, and that the form of the notice and the type of ballot used at the election were legally insufficient.

On October 10, 1947, a supplement to the complaint was filed questioning the validity of an election called to vote on the detachment of former District No. 82 from the newly formed consolidated district.

On May 14, 1948, after final judgment had been entered by the trial court on April 20, 1948, a second amendment to the complaint was filed, alleging a violation of the School Survey and Reorganization Act.

A motion to dismiss the complaint as amended was filed by the appellees, which motion was allowed, and the complaint as amended was dismissed. From the judgment rendered in favor of the defendants, the appellant prosecutes this appeal.

Appellant first charges that sections 4 and 6 of article 8 of the School Code (Ill. Rev. Stat. 1945, chap. 122, pars.

8-4, 8-6,) violate section 18 of article II of the constitution of the State of Illinois in that they provide for elections that are not equal, relying primarily on what is said in the case of *Moran* v. *Bowley,* 347 Ill. 148. He quotes the following language from page 162 of that case: "Elections are equal when the vote of each voter is equal in its influence upon the result to the vote of every other elector —where each ballot is as effective as every other ballot." The *Moran case* held the Congressional Apportionment Act of 1931, redistricting the State for the election of representatives in Congress, unconstitutional because it violated the act of Congress of 1911 providing that districts shall be compact and contiguous and of substantially the same population; and also held that said redistricting act violated the provisions of our State constitution that all elections shall be free and equal, as the districts under the act not being of substantially the same population, a vote in one district is not approximately equal in power and influence to the vote in another.

No such situation arises in this case. There is no attempt to bestow upon classes or sections of voters a greater power and influence in elections than upon other like groups. Our constitution has not provided the mode by which the thorough and efficient system of free schools required to be provided shall be organized, nor the officers by whom its affairs shall be administered. In *People ex rel. Russell* v. *Graham,* 301 Ill. 446, it was said: "The legislature has the power to act directly and create school districts by general or special acts, * * *. It is not for the courts to say that the legislature has acted unwisely in selecting the agencies or methods which it deems best to carry out the mandate of the constitution." It has always been considered by this court that the legislature has full and complete power to establish rules and requirements for school elections unless that power has been abused. (*People ex rel. Lewman* v. *Moyer,* 298 Ill. 143.) We cannot agree

with the contention of appellant that in the present case the vote of one person is given more or less weight than the vote of some other person, or that said sections 4 and 6 violate the constitutional requirement that all elections shall be free and equal.

It is next contended that article 8 of the School Code violates section 22 of article IV of the constitution, because it limits the organization of community school districts to territory bounded by school district lines, citing as authority the case of *People ex rel. Kane* v. *Weis,* 275 Ill. 581. The section of the statute under attack in that case was an act providing that a school township might be organized into a high school district, provided it contained a school district having a population of over 1000 and less than 100,000. It was shown in that case that two adjoining townships might have identically the same population, might be possessed of the same wealth and might have the same number of cities or villages similarly located, and yet, because of the difference in the division of the two towns into school districts, one would be entitled to organize into a township high school district under the act while the other would not. The court held that this constituted an unreasonable classification and a violation of the constitutional provision, providing for the establishment of a thorough and efficient system of free schools. This court has held that the organization of community school districts out of any compact and contiguous territory bounded by school district lines does not violate the constitutional mandate under section 22 of article IV. *People ex rel. Russell* v. *Graham,* 301 Ill. 446.

It is further urged that the form of notice for the election and the type of ballot used were fatally defective because the maximum and minimum tax rates set forth were in direct conflict with the provisions of section 2 of article 17 of the School Code and of section 162a of the Revenue Act. Section 1 of article 8 specifically provides the

maximum rates applicable to community consolidated school districts and provides that they shall be set forth in the petition. This section was passed and approved on July 25, 1945, to take effect January 1, 1946. (Laws of 1945, p. 1618.) It applies only to districts organized under article 8 of the School Code. The rates thus provided differ from the maximum rates set forth in section 2 of article 17 of the School Code. That section was passed and approved on July 25, 1945, to take effect on January 1, 1946, (Laws of 1945, p. 1564,) the same date as section 8-1, with which it is claimed to be inconsistent. Standing alone, section 2 of article 17 would seem to apply to all school districts.

In similar situations this court has announced frequently the rule that statutes passed, approved and to take effect on the same day, and relating to the same subject matter, will be assumed to have been enacted at the same time and are to be construed as one act. Such construction should be given to such statutes, if possible, as shall leave them all standing. *People ex rel. Reynolds* v. *Chicago, Burlington and Quincy Railroad Co.* 295 Ill. 191; *People ex rel. Vaughan* v. *Thompson,* 377 Ill. 244; *People ex rel. Martin* v. *Village of Oak Park,* 372 Ill. 488.

The form of the notice and ballot used in this case conformed strictly to the statute and were literally correct. On July 2, 1947, "An Act to legalize the organization of certain Community Consolidated School Districts" was approved, (Ill. Rev. Stat. 1947, chap. 122, par. 407.14,) and under the authority of *People* v. *Birdsong,* 398 Ill. 455, all such defects as improper petitions, failure of the petitions to bear the requisite signers, improper ballots and casting of illegal votes might be remedied. We believe that the objections raised by appellant to the form of notice and the ballot have been removed by the said validating act.

The remaining objection urged by appellant is that the county superintendent of schools was without power to

call an election because, at the time, the school survey committee was functioning in St. Clair County and had not yet completed its report. This question was considered by us in the case of *Radford* v. *Withrow,* 401 Ill. 14, opinion adopted at the September term, 1948, in which case the holding was adverse to the position urged by appellant.

The judgment of the circuit court of St. Clair County is affirmed.

*Judgment affirmed.*