THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. JOHNNY BAILEY, Defendant-Appellee.

(No. 73-350;

Second District (2nd Division)—September 23, 1975.

Patrick E. Ward, State's Attorney, of Dixon (James W. Jerz, of Illinois State's Attorneys Association, of counsel), for the People.

William N. Twohey and Robert B. Steele, both of Ottawa, for appellee.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

A jury found the defendant guilty of aggravated battery. On appeal, the conviction was reversed since it was founded upon a void indictment. (*People v. Bailey,* 10 Ill.App.3d 191 (1973).) After reindictment for the

same offense, defendant filed a motion setting forth the date of his former conviction and this court's reversal of that conviction. The motion sought to dismiss the indictment and discharge the defendant on the grounds that he was twice put in jeopardy for the same offense. The State filed no responsive pleadings. After each party filed briefs, the court entered an order, supported by memorandum decision, granting the relief sought on the basis that defendant had been placed in double jeopardy. In reaching its decision, the court relied upon *United States v. Ball*, 163 U.S. 662, 41 L.Ed. 300, 16 S.Ct. 1192 (1896), and *Benton v. Maryland*, 395 U.S. 784, 23 L.Ed.2d 707, 89 S.Ct. 2056 (1969), and further found that these cases were not overruled by *Illinois v. Somerville*, 410 U.S. 458, 35 L.Ed.2d 425, 93 S.Ct. 1066 (1973). The State appeals.

First to be resolved is the defendant's assertion that this court is without jurisdiction to entertain the appeal. The assertion is based upon the premise that since the decision of the trial court was based upon defendant's motion and the briefs of both parties, the hearing on the motion amounted, in effect, to "a trial on the merits" resulting in his acquittal. He therefore concludes that under article 6, section 6 of the 1970 Illinois Constitution,[1] this court is without jurisdiction. Defendant seeks support for his premise in the cases of *People v. Drymalski*, 22 Ill.2d 347 (1961); *People v. White*, 364 Ill. 574 (1936), and *People v. Vitale*, 364 Ill. 589 (1936). We find the cases inapposite.

In *Drymalski*, the defendant's pleas in bar contained factual allegations, touching upon his guilt or innocence, put into issue by the State's verified answers. A hearing resulted in the defendant's favor. On appeal the appellate court reversed and remanded, holding that the defendant's pleas were to be treated for appeal purposes as motions to quash the indictments and that pleas in bar were inappropriate in the case. The supreme court, in reversing, held that since the pleas raised issues of fact as to the defendant's innocence or guilt the hearing was tantamount to a trial resulting in an acquittal of the defendant. In the instant case, there was no hearing touching upon the merits of defendant's innocence or guilt of the crime charged.

In *White*, defendant pled that he had been formerly *acquitted* of the offense with which he was then charged. The State filed a reply and stipulated that it be allowed to stand as a demurrer. By doing so, the State admitted defendant's former acquittal for the same offense thereby constituting a valid plea in bar from which no appeal could be taken under the law.

---

[1] This provision delineates the jurisdiction of the appellate court. The pertinent part recites, "* * * that after a trial on the merits in a criminal case, there shall be no appeal from a judgment of acquittal * * *."

In *Vitale*, defendant was charged under ten indictments with murder of ten different individuals. He was tried and found guilty under one of the indictments and when called to trial on the remaining charges, he entered a plea of former conviction for the same crime on the basis that all ten homicides resulted from one offense. The State demurred and by doing so placed before the court the question of law raised by the plea for determination. The trial court ruled for the defendant and, on appeal, the supreme court held that the order entered on the plea in bar was not the same as an order questioning the indictment and it was therefore without jurisdiction to hear the appeal.

Each of these cases had a common issue: the right of the State to appeal. In *Drymalski* there was a hearing on the merits as to the guilt or innocence of the defendant thereby barring further prosecution. In *White* and *Vitale* there was no hearing on the merits as to the guilt or innocence of the accused but there was a limitation on the State's right of appeal. ██ The law at the time allowed the State to appeal only in those cases where the order or judgment quashed or set aside an indictment or information. Overlooked by the defendant here is the fact that the law has changed. The provision of the constitution relied upon by defendant also states that the supreme court may provide by rule for appeals to this court. Supreme Court Rule 604(a) (Ill. Rev. Stat. 1973, ch. 110A, § 604(a)) permits the State to appeal from an order which has the substantive effect of dismissing a charge for any grounds contained in section 114—1 of the Code of Criminal Procedure (Ill. Rev. Stat. 1973, ch. 38, § 114—1). One of the grounds listed in the section by referral, and one which allows the State the right of appeal, is the dismissal of an indictment on the basis that it is barred by former prosecution. (See Ill. Rev. Stat. 1973, ch. 38, § 114—1(a)(2) and § 3—4(d)(1), (2).) We conclude, therefore, that this court has jurisdiction to entertain this appeal.

It is the State's position that defendant may be reindicted and prosecuted when a conviction under the original indictment is reversed for the sole reason that said indictment is void.

While it is true that *Illinois v. Somerville* did not overrule *United States v. Ball* and *Benton v. Maryland*, there was no need to do so. In *Somerville* there was no finding of guilt or innocence on the original charge. After the jury was impanelled and sworn (thereby placing the defendant in jeopardy) the State, because of a void indictment, moved for a mistrial which the court granted. The defendant was reindicted, tried and convicted. In holding that double jeopardy did not bar the conviction, the court stated (410 U.S. 458, 471, 35 L.Ed.2d 425, 435):

> "[W]here the declaration of a mistrial implements a reasonable state policy and aborts a proceeding that at best would have pro-

duced a verdict that could have been upset at will by one of the parties, the defendant's interest in proceeding to verdict is outweighed by the competing and equally legitimate demand for public justice."

In reaching this decision, the court referred to *Ball* and *Benton* but did distinguish them by relating their factual backgrounds. In each instance the accused was originally tried on and *acquitted* of certain crimes. Upon finding the original indictment void, the defendants were reindicted, tried and found guilty of the same crimes for which they were formerly acquitted. In both cases, the court reversed only the convictions for those crimes with which the defendants had been previously charged and acquitted; it did not reverse those in which the defendants had been found guilty under the original, void indictment.

In the case *sub judice*, defendant was found guilty under the original indictment. However, by omitting one of the necessary elements of the crime, that indictment failed to charge the defendant with an offense. Conviction under such indictment is void for want of jurisdiction of the subject matter. (*People v. Edge*, 406 Ill. 490, 494 (1950).) A void indictment does not confer jurisdiction upon the court. (*People v. Wallace*, 57 Ill.2d 285, 288 (1974).) It was for this reason that defendant's original conviction was reversed. He was not acquitted of the charge by this court. Under these circumstances, the former prosecution and conviction did not act as a bar to prosecution under the present indictment. (Ill. Rev. Stat. 1973, ch. 38, § 3—4(d)(1) and (2).) For further reason, see *People v. Benson*, 24 Ill.2d 159, 162 (1962), *cert. denied*, 371 U.S. 816, 9 L.Ed.2d 57, 83 S.Ct. 30 (1962), and authorities cited therein.

The judgment appealed is therefore reversed and the cause remanded for further proceedings.

Judgment reversed; cause remanded.

RECHENMACHER, P. J., and DIXON, J., concur.