THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
JAMES F. BEAM, Defendant-Appellee.

Fifth District   No. 76-234

Opinion filed December 19, 1977.

EBERSPACHER, P. J., dissenting.

Kelly D. Long, State's Attorney, of Hillsboro (Bruce D. Irish and James R. Sanders, both of Illinois State's Attorneys Association, of counsel), for the People.

Frank J. Giampoli, Assistant Public Defender, of Taylorville, for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

The circuit court of Montgomery County entered orders granting defendant's motions to dismiss six complaints, each charging a violation of the deceptive practices statute (Ill. Rev. Stat. 1975, ch. 38, par. 17—1(d)). The State appealed in each case and we have consolidated all six causes for review.

The issues presented are: (1) whether all deceptive practice charges based on acts occurring within a 90-day period and totalling more than $150 must be alleged in a single charge; and (2) whether, if not so charged, a guilty plea to one of the charges acts as a bar to prosecution on the remaining deceptive practice charges.

These questions arise because of the following language found in the deceptive practices statute (Ill. Rev. Stat. 1975, ch. 38, par. 17—1):

"Sentence.

Deceptive practice under subsections (a) through (d) is a Class A misdemeanor. *In the case of a prosecution for separate transactions totalling more than $150 within a 90 day period, such separate transactions shall be alleged in a single charge and provided in a single prosecution."* (Emphasis added.)

The relevant facts may be briefly stated. The defendant delivered seven checks over a period of 47 days (August 22, 1975, through October 7, 1975) to different merchants. The total amount of these checks was $165.16. Each check was returned by the bank either because of insufficient funds or a closed account (for overdrafts).

Six separate complaints were filed in November and December of 1975 charging defendant with deceptive practices. Each complaint alleged the issuance and delivery of a single check in violation of the statute. (Ill. Rev. Stat. 1975, ch. 38, par. 17—1(d).) Prior to the time for trial on these complaints, defendant was charged with deceptive practices on the seventh check. He immediately pleaded guilty to this charge and was subsequently sentenced for the offense.

Shortly after entering the guilty plea, defendant moved to dismiss the initial six complaints. The motions were premised both on an alleged failure to comply with the above-quoted proviso of section 17—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 17—1) and the entry and acceptance by the court of the guilty plea on the seventh check. The gist of the motions was that the proceeding on defendant's guilty plea was the "single prosecution" authorized by the statute, making any further prosecutions either a violation of the statutory prohibition against double jeopardy (Ill. Rev. Stat. 1975, ch. 38, par. 3—4) or the constitutional double jeopardy prohibitions (U.S. Const., amend. V; Ill.

Const. 1970, art. I, §10). After a hearing on these motions and the State's objection thereto, the court dismissed the complaints. This appeal followed.

The State urges that the proviso in question[1] is obviously an incomplete felony sentencing provision and not a procedural provision. It feels that such view is warranted since the full provision is preceded by the appellation, "Sentence," and since the $150 figure is used, which is the demarcation figure between several misdemeanor and felony offenses. In the State's estimation, the legislature simply forgot to designate this offense as a felony. The State therefore argues that since the prime consideration in construing a statutory enactment is to give effect to the intent of the legislature (*People v. Bratcher*, 63 Ill. 2d 534, 349 N.E.2d 31) and since it is impossible to carry out its intention to create a felony sentencing provision because of the legislature's omissions, we should declare this proviso to be a legal nullity and reverse the trial court's orders.

■■ Since this argument and its underlying theory of the legislature's intent were not advanced by the State at the hearing on the motion to dismiss the complaints, this court could properly disregard this contention. (*People v. McAdrian*, 52 Ill. 2d 250, 287 N.E.2d 688; *People v. Smith*, 42 Ill. App. 3d 731, 356 N.E.2d 656.) If, however, the court misapprehended the nature of this proviso, it committed plain error affecting the substantial right of the State to bring defendant to trial on these charges. Noting the possible existence of plain error, this court, in the exercise of its discretion, will consider the State's argument. See Ill. Rev. Stat. 1975, ch. 110A, par. 615(a); *People v. Smith*.

The legislature's intent as to this proviso is not necessarily revealed by the heading of the whole provision being "sentence." This section does indeed declare that deceptive practice is a Class A misdemeanor, making the heading useful in indicating where one might find the applicable classification of the offense. While the fact that the $150 figure is mentioned does create some superficial support for the argument of the State, we think that in view of the clear language of the proviso the inference that this proviso was meant to be a felony sentencing provision is unwarranted.

It is fundamental that legislative intent should be sought primarily from the language used in the statute. (*Certain Taxpayers v. Sheahen*, 45 Ill. 2d 75, 256 N.E.2d 758; *Louis A. Weiss Memorial Hospital v. Kroncke*, 12 Ill. 2d 98, 145 N.E.2d 71.) The language of this proviso is clearly directed at the proper way to proceed in prosecuting deceptive practice charges

---

[1] "° ° ° In the case of a prosecution for separate transactions totalling more than $150 within a 90 day period, such separate transactions shall be alleged in a single charge and provided in a single prosecution."

when the enumerated qualifications are present. Although it is unclear why transactions exceeding $150 and those under that amount are impliedly directed to be handled by the prosecutor in a different manner, the language of this proviso does not imply that the legislature was attempting to define a felony.

■■ The past history of this statute supports the view that this proviso was intended to be a procedural provision and not a felony sentencing provision. Prior to 1973, section 17—1 of the Criminal Code of 1961 (see Ill. Rev. Stat. 1971, ch. 38, par. 17—1) encompassed violations involving credit card offenses as well as the offenses now proscribed. The penalty provision of the statute as then written clearly provided that violation of two enumerated credit card offenses by a transaction in excess of $150 or several transactions over a 90-day period totalling in excess of this figure was punishable by one to 10 years imprisonment. A second or subsequent violation of any of the credit card offenses was similarly punishable. At that time the statute also included the proviso now in question. Bearing in mind that the legislature was explicit when defining what were felonies and that this proviso was in effect at the same time as these felony provisions, the conclusion is inescapable that this proviso is procedural in nature. When the Illinois Credit Card Act (Ill. Rev. Stat. 1975, ch. 121½, par. 601 *et seq.*) became effective (October 1, 1973), all of the sections dealing with credit card offenses, including the penalty provisions, were deleted from section 17—1. The instant procedural proviso, however, was not deleted, indicating its applicability to the remaining subsections. We must still determine exactly what this proviso means and what effect it has upon prosecutions for these checks under the present circumstances.

The statute states: "In the case of a prosecution for separate transactions totalling more than $150 within a 90 day period, such separate transactions *shall* be alleged in a single charge and provided in a single prosecution." (Emphasis added.) (Ill. Rev. Stat. 1975, ch. 38, par. 17—1.) We must decide whether this proviso is mandatory or merely directory. The State argues that it is directory, whereas, defendant maintains it is mandatory. If it is mandatory, compliance is obligatory and an invalidating consequence must flow from the disregarding of it. On the other hand, if it is directory, it is a mere direction or instruction "the observance of which is not necessary to the proceeding's validity." (*City of Darien v. Dublinski*, 16 Ill. App. 3d 140, 145, 304 N.E.2d 769, 773.) The trial court apparently concluded that this instruction was mandatory and that the remedy for the prosecutor's disregarding it by accepting defendant's guilty plea on a transaction being prosecuted separately was to bar prosecution on the other charges.

■■ Although courts generally hold that the word "shall" is mandatory (*People v. Nicholls*, 45 Ill. App. 3d 312, 359 N.E.2d 1095), the

fact that a statutory provision employs the term "shall" does not render such provision mandatory rather than directory for such term may be defined as "must" or "may," depending on the context of the provision and the intent of the drafters (*Village of Park Forest v. Fagan*, 64 Ill. 2d 264, 356 N.E.2d 59; *In re Armour*, 59 Ill. 2d 102, 319 N.E.2d 496). " 'In determining the intent of the legislature consideration must be given to the entire statute, its nature, objects and the consequences which would result from construing it one way or another' *Carrigan v. Illinois Liquor Control Com.*, 19 Ill. 2d 230, 233." *In re Armour*, 59 Ill. 2d 102, 104, 319 N.E.2d 496, 497-8.

A consideration of section 17—1 (Ill. Rev. Stat. 1975, ch. 38, par. 17—1) as a whole is not particularly helpful as its basic intention is to define what acts are prohibited as deceptive practices and what penalty attaches to their commission. The trial court stated that it believed that the legislature, in enacting this proviso, was recognizing the frequency with which the offense of deceptive practices is committed, especially under the subsection relating to issuance or delivery of "bad" checks. When one violates this subsection, he usually has done so by issuing or delivering several checks. We agree with these observations but feel they stop short of revealing the actual legislative intent.

In our estimation the legislature intended this proviso to be a directory provision which would allow State's Attorneys to prosecute deceptive practice violations in such a manner as to benefit the courts in efficiently utilizing their resources. The legislature recognized that a considerable amount of time and effort of our circuit courts is consumed when a prosecution proceeds on each violation of this statute as it comes to his attention. If a particular court has a backlog of any appreciable dimension, this drain of time may be particularly crucial. Consequently, for the sake of judicial economy, this proviso was enacted with the intent to give the prosecutor the authority to prosecute numerous violations of this statute in a more unified manner. By this proviso, the prosecutor is authorized to allege all of the transactions in a single charge or information, an authority which he would not clearly have had absent this proviso. See Ill. Rev. Stat. 1975, ch. 38, par. 111—4(a).

■■ Having concluded that this proviso is directory only, we find that all deceptive practice charges based on acts occurring within a 90-day period and totalling more than $150 need not be alleged in a single charge. However, in order to advance the salutary purpose intended by the legislature in enacting this proviso, a prosecutor should follow this directive whenever practicable.

Since this proviso must be viewed as directory, as opposed to mandatory, no remedy is required for the prosecutor's failure to allege all transactions in a single charge or to proceed in a single prosecution. Consequently, the trial court erred in dismissing the instant complaints.

■■ An examination of what would follow if this directive were obeyed by the prosecutor bolsters our determination as to the legislative intent and conclusion that the barring of subsequent prosecutions is not a proper remedy when the directive has been disregarded. When a prosecutor proceeds as authorized by this statute by alleging separate transactions in a single charge and providing them in a single prosecution, the burden of seeking severances for trial would rest squarely upon the shoulders of the defendant. Should he fail to make such motions or should they be made and denied, prejudice to defendant could result from the presentation of evidence in one proceeding relating to the passing of several checks. In view of these consequences, this proviso cannot be realistically viewed as conferring any benefit or right upon defendants.

Defendant's main argument for the propriety of dismissing the instant complaints, advanced both at trial and in this court, is that the prosecution of these offenses after his conviction for passing the "seventh" check is prohibited by our statutory "double jeopardy" provision (Ill. Rev. Stat. 1975, ch. 38, par. 3—4) or the double jeopardy provisions of the constitutions of the United States and Illinois (U.S. Const., amend. V; Ill. Const. 1970, art. I, §10). See *Benton v. Maryland,* 395 U.S. 784, 23 L. Ed. 2d 707, 89 S. Ct. 2056, (holding Federal prohibition applies to States through due process clause of the Fourteenth Amendment). The trial court must have found this argument persuasive since it dismissed the complaints. We shall comment briefly as to these contentions.

■■ It is irrefutable that the offenses charged in the seven complaints below are all separate and distinct acts and violations. They involved the passage of checks to different merchants, at different times, for the acquisition of control over different items of property. The prohibitions of both constitutions are against a defendant being twice placed in jeopardy for the same offense. For double jeopardy purposes, the test of whether the same offense is involved in both prosecutions is whether either trial would involve any significant elements of proof absent from the other trial. (*People v. Gray,* 36 Ill. App. 3d 720, 344 N.E.2d 683; *Blockburger v. United States,* 284 U.S. 299, 76 L. Ed. 306, 52 S. Ct. 180.) Since the prosecution of any of these charges would involve proof of a substantially different mental state and act from any of the others, these prosecutions would not be for the same offense and thus violative of constitutional double jeopardy prohibitions.

The defendant argues that the legislature by the utilization of the language "single prosecution" in section 17—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 17—1) was evidencing an intent that the prosecution of the offense of deceptive practices be limited to a single prosecution as outlined in section 3—3(b), the so-called "compulsory joinder" section of our Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 3—3(b)), and that the remedy of section 3—4(b)(1) (Ill. Rev. Stat.

1975, ch. 38, par. 3—4(b)(1)), the barring of subsequent prosecutions, be similarly applicable to the deceptive practice statute. We do not agree.

Section 3—3(b) and 3—4(b)(1) (Ill. Rev. Stat. 1975, ch. 38, pars. 3—3(b) and 3—4(b)(1)) state in relevant part:

Section 3—3.

"(b) If the several offenses [arising from same conduct] are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution, * * *, *if they are based on the same act.*"

Section 3—4.

"(b) A prosecution is barred if the defendant was formerly prosecuted * * * for the same offense based upon different facts, if such former prosecution:

(1) * * * was for an offense with which the defendant should have been charged on the former prosecution, as provided in Section 3—3 of this Code * * *". (Emphasis added.)

■■ The courts have repeatedly held that under section 3—3(b) multiple offenses must be compulsorily joined and prosecuted only if they are "based on the same act." (*People v. Whitlow* (5th Dist. 1977), 48 Ill. App. 3d 425, 363 N.E.2d 102; *People v. Armstrong* (1970), 127 Ill. App. 2d 457, 262 N.E.2d 354, *cert. denied* (1971), 403 U.S. 935, 29 L. Ed. 2d 715, 91 S. Ct. 2267.) There is no question that the offenses here dealt with are not based on the same act and, therefore, are not either compulsorily joinable under section 3—3(b) or subject to the remedy of section 3—4(b)(1). Moreover, we fail to glean any intention on the part of the legislature to indicate the applicability of the bar to prosecution remedy from its use of the phrase "single prosecution" in the statute, especially in view of our previous discussion of this proviso.

For the foregoing reasons, the orders of the circuit court of Montgomery County dismissing these complaints are reversed and these causes are remanded with instructions that the complaints be reinstated.

Reversed and remanded.

CARTER, J., concurs.

Mr. PRESIDING JUSTICE EBERSPACHER, dissenting:

I agree with the majority in its rejection of the State's theory that the proviso in question is an incomplete felony sentencing provision and not a procedural provision. Having found the proviso a procedural provision, the majority then goes on to hold the proviso as merely directory and not

mandatory. In this I must part company with the majority and therefore I respectfully dissent.

In finding the proviso to be a procedural provision the majority relies both on the language used in the statute and on its past history. Clearly these considerations equally apply in determining whether the legislature intended the proviso to be mandatory or directory. It is well established that courts will generally construe the word "shall" to be mandatory particularly when the word is addressed to a public official. (*People v. Nicholls*, 45 Ill. App. 3d 312, 359 N.E.2d 1095; *Schmidt v. Powell*, 4 Ill. App. 3d 34, 280 N.E.2d 236.) Courts however, will sometimes construe the word to be only directory where such a construction is required from the context or the intent of the drafters, (*Village of Park Forest v. Fagan*, 64 Ill. 2d 264, 356 N.E.2d 59), or to reach a result which the court feels needs to be reached. In construing the word "shall" as only directory in the instant cause, the majority states that the legislature, when it enacted the proviso, intended it only "for the sake of judicial economy." I find such reasoning to be unpersuasive.

As recognized by the trial court, the offense of deceptive practices is somewhat unique in that when one commits this crime he has usually committed multiple violations of the statute during the course of a short period. It is much more reasonable to conclude that the legislature too recognized the usual pattern of this criminal conduct and intended by the proviso in question to mandatorily require the compulsory joinder of such multiple offenses in an area not ordinarily covered by the compulsory joinder section of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 3—3(b)). Such a conclusion becomes more apparent when a view is taken of the past history of the statute. Prior to 1973, section 17—1 of the Criminal Code of 1961 encompassed in addition to the offenses now proscribed, credit card offenses, among which were subsections (e) and (f) of the statute. (Ill. Rev. Stat. 1971, ch. 38, par. 17—1(e) and (f).) The "penalty" provision of the section stated in part:

> "* * * A person convicted of deceptive practices under subsection (e) or subsection (f) of this section shall, when the value of any property, labor or services obtained, or attempted to be obtained in a single transaction, or in separate transactions, within any 90 day period, exceed $150 be imprisoned in the penitentiary from one to ten years. In the case of a prosecution for separate transactions totalling more than $150 within a 90 day period, such separate transactions shall be alleged in a single charge and provided in a single prosecution. * * *"

A reading of these two quoted sentences makes the intention of the legislature, in enacting the proviso in question, manifest. The second sentence was not enacted to lessen the backlog of our judicial system,

although such may have been an incidental result, but to give effect to the first sentence which required the imposition of a felony sanction where separate transactions violating the enumerated subsections in a 90-day period exceeded $150 in value. Clearly, in the quoted provision the legislature gave due recognition to the nature of the criminal conduct proscribed and intended to mete out an appropriate felony penalty for the commission of such multiple offenses. That the legislature intended the word "shall" in the second sentence to mandatorily require compulsory joinder of such offenses, as the use of the word "shall" in the first sentence also was mandatory in requiring the imposition of a felony sanction, cannot be doubted.

In the present statute the first of the quoted sentences has been deleted, while the second sentence, the proviso here in question, has been retained. When the legislature amends a statute and makes no change to a part of it, that part will be regarded as a continuation of the existing law and not as the enactment of a new law upon the subject. (*People ex rel. Martin v. Village of Oak Park*, 372 Ill. 488, 24 N.E.2d 571; *Lemme v. Drainage District No. 5*, 380 Ill. 221, 43 N.E.2d 966.) It is also to be presumed that in using the same wording as that contained in a former statute, the legislature intended the same construction of those words in the new statute. (*Morandi v. Heiman*, 23 Ill. 2d 365, 178 N.E.2d 314.) In the proviso in question the legislature enacted the same words as those contained in the former statute including the demarcation of an excess of $150 during a period of 90 days. Thus the legislature could only have intended the same construction of those words in the new statute. While the proviso no longer requires compulsory joinder for the purpose of imposing a felony sanction, it nonetheless still mandatorily requires compulsory joinder when certain conditions are met. Like a limb severed from a tree, although its construction has not changed, its function has. The proviso is now applicable to the remaining subsections of the statute. In light of the unique nature of the offense of deceptive practices, this has benefit for the State by allowing it to present to a jury a complete picture of the defendant's alleged multiple acts of deceptive practices while for a defendant the proviso prevents the potential expense in time and money and the potential harassment which would otherwise result by multiple prosecutions. The proviso likewise discourages use of the prosecutor's office as a collection agency.

Under the circumstances of the case at bar, the State should be held to have failed to comply with the mandatory requirements of the proviso. Accordingly, I would affirm the order of the circuit court of Montgomery County dismissing the remaining charges.