THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
STEVEN JOHNSON, Defendant-Appellee.

Second District   No. 77-355

Opinion filed August 22, 1978.

Peter J. Woods, State's Attorney, of Oregon (Phyllis J. Perko, of Illinois State's Attorneys Association, of counsel), for the People.

Albert S. Salvi, of Lake Zurich, for appellee.

Mr. JUSTICE BOYLE delivered the opinion of the court:

Upon the motion of the defendant-appellee, Steven Johnson, hereafter the defendant, the circuit court of Ogle County, the Honorable Alan W. Cargerman presiding, dismissed information 77—CF—21 charging the defendant with the crime of theft of property exceeding $150 in value on the grounds that the information was barred by the double jeopardy provisions of both the United States and Illinois constitutions (U.S. Const., amend. V; Ill. Const. 1970, art. I, §10), the Illinois statutory

prohibition against double jeopardy (section 3—4 of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 3—4)), and the Illinois statute on compulsory joinder (section 3—3 of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 3—3)). The State has appealed from the circuit court's ruling. See Supreme Court Rule 604(a) (Ill. Rev. Stat. 1975, ch. 110A, par. 604(a)); *People v. Bailey* (1975), 31 Ill. App. 3d 1045, 335 N.E.2d 550.

After reviewing the record and weighing the arguments presented, we are of the opinion that the judgment of the circuit court of Ogle County should be reversed.

On March 5, 1976, the defendant was charged by way of information with the December 6, 1975, theft of property exceeding $150 in value from his employer, Caron International, Inc. Hereafter, this charge will be referred to as 76—CF—40. On March 25, 1976, the defendant was charged with similar thefts alleged to have occurred on December 4, 1975 (76—CF—58), December 5, 1975 (76—CF—59), January 24, 1976 (76—CF—60), and January 25, 1976 (76—CF—61). The State moved for joinder of the charges against the defendant with informations 76—CF—41, 76—CF—42, 76—CF—43, 76—CF—44, and 76—CF—57, all of which charged Scottie Douglas Oliver with the crime of theft of property exceeding $150 from Caron International. The State moved for joinder on the grounds that all the above charges were based upon "the same comprehensive transaction." The motion for joinder of the charges against the defendant and Mr. Oliver was denied. However, informations 76—CF—58, 76—CF—59, 76—CF—60, and 76—CF—61, all of which were against the defendant, were dismissed on the grounds that the defendant's statutory right to a speedy trial had been violated. See section 103—5 of the Criminal Code of Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, par. 103—5).

On January 31, 1977, Mr. Oliver appeared before Judge John L. Moore in Case No. 76—CF—43, which alleged the January 24, 1976, theft of property exceeding $150 from Caron International. Mr. Oliver pleaded guilty but insisted the only theft in which he had participated had occurred on November 28, 1975, and not January 24, 1976, as charged. The information was amended to reflect November 28, 1975, as the date of the crime, and Mr. Oliver's plea of guilty was accepted.

The defendant's jury trial on 76—CF—40 commenced on January 31, 1977, with Judge Moore presiding. Case No. 76—CF—40 alleged that the defendant stole yarn valued at more than $150 from his employer, Caron International, Inc., on December 6, 1975. The State called Mr. Oliver as its first and only witness. The essence of his testimony was that he and the defendant did not have an agreement to take the yarn from their

employer on December 6, 1975, as charged in the information. After Mr. Oliver completed his testimony, the State rested. At that time, Judge Moore directed a verdict in the defendant's favor, stating in part:

"* * * it is also my opinion that there is insufficient evidence in the case to show the intent of the defendant to deprive the corporation of the property."

On February 22, 1977, the defendant was charged by way of information with the November 28, 1975, theft from Caron International, hereafter referred to as 77—CF—21. The defendant filed a "motion for discharge due to violation of statutory or constitutional double jeopardy" asserting that 77—CF—21 was barred under the double jeopardy provisions of the United States and Illinois Constitutions and by Illinois statutory prohibition on double jeopardy (section 3—4 of the Criminal Code (Ill. Rev. Stat. 1975, ch. 38, par. 3—4)). The motion also alleged that 77—CF—21 was barred because the State failed to comply with the rules on compulsory joinder set forth in section 3—3 of the Criminal Code (Ill. Rev. Stat. 1975, ch. 38, par. 3—3). After hearing arguments on the matter, Judge Cargerman found the charges contained in 77—CF—21 and 76—CF—40 were factually related, that the directed verdict in 76—CF—40 collaterally estopped the State from relitigating the offense charged in 77—CF—21, that the offenses alleged were sufficiently related to invoke the State and Federal constitutional prohibitions against double jeopardy, and that the statutory prohibitions in regard to double jeopardy and compulsory joinder barred the prosecution of the defendant on information 77—CF—21. For those reasons, Judge Cargerman dismissed 77—CF—21 and discharged the defendant.

■■■ We begin by turning to the question of whether 77—CF—21 is barred by the double jeopardy provisions of the United States and Illinois constitutions (U.S. Const., amend. V; Ill. Const. 1970, art. I, §10). To give rise to a valid claim of double jeopardy, be it based on constitutional or statutory grounds, it must be shown that the two offenses charged are the "same offenses." (*United States v. Ewell* (1966), 383 U.S. 116, 15 L. Ed. 2d 627, 86 S. Ct. 773; *People v. Hairston* (1970), 46 Ill. 2d 348, 263 N.E.2d 840, *cert. denied* (1971), 402 U.S. 972, 29 L. Ed. 2d 136, 91 S. Ct. 1658; *People v. Koblitz* (1948), 401 Ill. 224, 81 N.E.2d 881, *cert. denied* (1949), 336 U.S. 927, 93 L. Ed. 1088, 69 S. Ct. 649.) In the case at hand, the record clearly reveals that the defendant was accused of two separate and distinct thefts—one occurring on December 6, 1975, and the other on November 28, 1975. Therefore, the defendant was not placed in jeopardy twice for the same offense. However, there is another aspect of the fifth amendment that needs to be explored.

*Ashe v. Swenson* (1970), 397 U.S. 436, 25 L. Ed. 2d 469, 90 S. Ct. 1189,

found the United States Supreme Court holding that the fifth amendment's bar on double jeopardy encompasses principles of collateral estoppel so as to prevent the State from retrying a defendant on a new charge once an issue of ultimate fact to that charge has been decided. *People v. Grayson* (1974), 58 Ill. 2d 260, 319 N.E.2d 43, *cert. denied* (1975), 421 U.S. 994, 44 L. Ed. 2d 484, 95 S. Ct. 2001, adopted a similar position. However, an examination of the facts in *Ashe* and *Grayson* leads us to the conclusion that the case at hand is distinguishable from both cases.

*Ashe* revolved around the armed robbery of six men playing poker by three or four masked men. The defendant was tried for the robbery of one of the poker players. The only issue in dispute at Ashe's first trial was whether or not he was one of the robbers. The jury found Ashe not guilty. The State then tried Ashe for the robbery of another of the poker players. At the second trial, the State presented a much stronger case, resulting in Ashe's conviction. The United States Supreme Court held that the jury in the first case could have acquitted Ashe only if they did not believe him to be one of the robbers. That question of ultimate fact common to both cases having been decided in the defendant's favor, principles of collateral estoppel embodied in the fifth amendment precluded the State from relitigating that issue.

*People v. Grayson* involved an effort by the State to revoke Grayson's probation for participation in an armed robbery. However, Grayson had been previously tried and acquitted on that armed robbery charge, with the only issue at trial being the identity of the armed robbers. Our supreme court, citing *Ashe*, held that the question of whether the defendant was one of the robbers had been decided at the armed robbery trial and principles of collateral estoppel barred the State from relitigating that question at a probation revocation hearing.

■■ The case at hand involves quite a different situation. Although 76—CF—40 and 77—CF—21 may have arisen out of the same wave of crime, they charged the defendant with two separate and distinct thefts. Judge Moore's determination that the State had not proved the defendant's intent in 76—CF—40 in no way decided that issue for 77—CF—21. Assuming arguendo that the State had not yet tried the defendant on either charge, to obtain a conviction on both charges the State would be required to prove all the elements of the crime of theft for each charge in order to obtain a conviction on each. Proof of intent in 76—CF—40 would not be proof of intent in 77—CF—21, and a lack of proof of intent in 76—CF—40 would not preclude the State from proving intent in 77—CF—21. Thus, it becomes clear that the defendant's trial in 76—CF—40 did not decide a question of ultimate fact applicable to 77—

CF—21 by reasons of collateral estoppel. Accordingly, we find that the trial court erred when it found 77—CF—21 to be barred by collateral estoppel, the prohibitions against double jeopardy found in the United States and Illinois Constitutions, and the statutory prohibition against double jeopardy.

■■ We likewise find that the trial court erred in dismissing 77—CF—21 on grounds that it violated the statute on compulsory joinder. The relevant portion of that statute reads as follows:

"(b) If the several offenses are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution, except as provided in Subsection (c), *if they are based on the same act.*" (Emphasis added.) (Ill. Rev. Stat. 1975, ch. 38, par. 3—3(b).)

It has been held on numerous occasions that in this statute "act" is not synonymous with "conduct." (*People v. Beam* (1977), 55 Ill. App. 3d 943, 370 N.E.2d 857; *People v. Whitlow* (1977), 48 Ill. App. 3d 425, 363 N.E.2d 102; *People v. Limauge* (1967), 89 Ill. App. 2d 307, 231 N.E.2d 599.) Although the crimes alleged in 76—CF—40 and 77—CF—21 apparently arose out of the same wave of crime, they were clearly distinct acts and accordingly need not have been joined under the terms of section 3—3(b) of the Criminal Code (Ill. Rev. Stat. 1975, ch. 38, par. 3—3(b)).

For the above stated reasons, the judgment of the circuit court of Ogle County is reversed and the matter is remanded with directions to reinstate the information 77—CF—21.


Reversed and remanded with directions.


WOODWARD and GUILD, JJ., concur.