THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
ALEXANDER MENDOZA, Defendant-Appellee.

First District (1st Division)    No. 80-1222

Opinion filed March 23, 1981.—Rehearing denied May 1, 1981.

Richard M. Daley, State's Attorney, of Chicago (Marcia B. Orr, Joan S. Cherry, and Michael K. Demetrio, Assistant State's Attorneys, of counsel), for the People.

Rosenfeld, Hafron & Shapiro, of Chicago (Howard H. Rosenfeld and Alan M. Goldberg, of counsel), for appellee.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

The defendant, Alexander Mendoza, was charged by information with unlawful delivery of PCP, a controlled substance (Phencyclidine) on January 24, 1977, and by another information with an unlawful delivery of PCP on January 26, 1977. (Ill. Rev. Stat. 1975, ch. 56½, par. 1401(d).) After a bench trial, he was acquitted of the January 24 charge, and filed a motion to dismiss the information on the charge of January 26. The trial court granted his motion, and the State appeals, contending that the trial court improperly dismissed the latter information.

On February 15, 1977, the defendant was arrested pursuant to the two above-mentioned charges. At trial, the State advised the court that it had made an election to try the defendant on the information relative to January 24, 1977, and that it had given notice to defense counsel that it would seek to introduce in its case-in-chief evidence of defendant's common scheme and design by showing the offense of January 26, 1977.

The evidence presented against defendant may be summarized as follows. Police Officer Neustrom observed Officer O'Connor as the latter went to defendant's residence on both dates in question. On both occasions Officer Neustrom saw Officer O'Connor take something from defendant; Neustrom then received packets from O'Connor which were given to police chemists. The packets were found to contain a small quantity of PCP. Officer O'Connor claimed that on both occasions he received tinfoil packets from defendant which he gave to Neustrom.

The defendant testified that he was home the week of January 24 and 26, 1977, because it was quite cold. He stated that he had never seen Officer O'Connor prior to the trial. He denied selling any controlled substances. When asked if he knew of any reason why the officers would testify against him, the defendant replied he used to go out with a woman who was also going with a police officer at the station where Officers O'Connor and Neustrom were assigned.

The trial court stated that it was concerned about the 18-day period between the last alleged purchase of narcotics by the police and the date of defendant's arrest. It further remarked about the fact that some of the officers' reports did not bear the customary time stamp placed on reports at the time of their filing with the police department. The court found the defendant not guilty on the information relative to January 24, 1977, ruled that the State included all of the evidence pertaining to the second offense in its trial against the defendant, and held that the State was foreclosed by the doctrine of collateral estoppel from proceeding on the information based on the January 26, 1977, offense.

The State contends that the trial court's ruling dismissing the information relative to the second offense on the grounds of collateral estoppel was manifestly erroneous because the prior trial proceedings cited by the court in support of that ruling did not address or constitute a judgment upon the defendant's guilt for the offense of that date charged in a separate information. The State maintains that the evidence of the second offense was introduced only for the limited purpose of showing a common scheme or design, and was not presented in the course of trial as proof beyond a reasonable doubt of the defendant's guilt. Moreover, the State maintains that, since the two offenses charged involved separate and distinct acts on the part of the defendant, which occurred on totally separate dates, the concepts of double jeopardy and fundamental fairness could not apply.

Evidence of other crimes which shows a common scheme or design is admissible (*People v. Walters* (1979), 69 Ill. App. 3d 906, 387 N.E.2d 1230) when the evidence fairly tends to place the defendant in proximity to the time and place of the offense charged, aids or establishes the defendant's identity; tends to prove intent, knowledge, motive, common scheme or design, or a fact material to the issue on trial. (*People v. Cole* (1963), 29 Ill. 2d 501, 194 N.E.2d 269; *People v. Copeland* (1978), 66 Ill. App. 3d 556, 384 N.E.2d 391.) Also relevant to this case is section 3—4(b)(2) of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 3—4(b)(2)) which provides as follows:

> "(b) A prosecution is barred if the defendant was formerly prosecuted for a different offense, or for the same offense based upon different facts, if such former prosecution;
>
> * * *
>
> (2) Was terminated by a final order or judgment, even if entered before trial, which required a determination inconsistent with any fact necessary to a conviction in the subsequent prosecution."

■■ Collateral estoppel means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit. (*People v. Grayson* (1974), 58 Ill. 2d 260, 319 N.E.2d 43; *Ashe v. Swenson* (1970), 397 U.S. 436, 25 L. Ed. 2d 469, 90 S. Ct. 1189.) The concept was defined in *Hoffman v. Hoffman* (1928), 330 Ill. 413, 417, 161 N.E. 723, 725, which said:

> "Where some controlling fact or question material to the determination of both causes has been adjudicated in the former suit by a court of competent jurisdiction and the same fact or question is again at issue between the same parties, its adjudication in the first cause will, if properly presented, be conclusive of the same question in the later suit, irrespective of the question whether the cause of action is the same in both suits or not. * * * [I]t must appear by the record of the prior suit that the particular controversy sought to be construed was necessarily tried and determined, —that is, if the record of the former trial shows that the verdict could not have been rendered without deciding the particular matter it will be considered as having settled that matter as to all further actions between the parties; and further, in cases where the record does not show that the matter was necessarily and directly found by the jury, evidence *aliunde* consistent with the record may be received to prove the fact. But even where it appears from the

intrinsic evidence that the matter was properly within the issue controverted in the present suit, if it be not shown that the verdict and judgment necessarily involved its consideration and determination it will not be concluded."

In *People v. Johnson* (1978), 63 Ill. App. 3d 248, 380 N.E.2d 461, the appellate court held that the principles of collateral estoppel did not apply to two separate and distinct charges of theft where the trial related to only one of the thefts and resulted in an acquittal. The facts there involved thefts on December 6, 1975, and November 28, 1975, by the defendant against his employer. On the trial of the theft of December 6, 1975, the court acquitted the defendant on the ground that there was insufficient evidence in the case to show the intent of the defendant to deprive his employer of the property. Thereafter, the State charged the defendant with the theft of November 28, 1975. In this latter case the defendant was discharged on the grounds that the offense alleged was sufficiently related to the offense of December 6, 1975, to invoke the prohibitions against double jeopardy. On appeal, the trial court's findings were reversed and remanded on the grounds that the defendant was not placed in jeopardy twice for the same offense.

■■ The facts in *Johnson* are arguably distinguishable from the facts in the instant case because there was no showing in the prior theft that the court considered any facts pertaining to the theft of November 28, 1975. But we believe that the underlying principle is applicable. In the instant case the record shows that both of the cases involved the sale of a controlled substance by the defendant to the same officer on different dates, and that both charges came up for trial before the court at the same time. The State elected to proceed on the charge of January 24, 1977, and it presented therein all of the facts and elements of the separate and distinct sale on January 26, 1977, for the purpose of proving a common scheme or design, which the trial court considered in making its determination of the guilt or innocence of the defendant. The evidence of the latter sale was "properly within the issue controverted" in the prior suit as proof of a common scheme or design and involved the credibility of the police officers. The question of defendant's guilt in the second offense, however, was not at issue, although it appears that the trial court did not believe the police officers' testimony regarding either alleged occurrence. Had the second trial proceeded as a bench trial before the same judge, it seems possible that another acquittal may have resulted. Thus the practical effect of the trial court's action in this appeal would have been the same. However, the evidence of "other crimes" introduced by the State to prove defendant's guilt for the January 24 offense was separate and distinct from the January 26 allegation and involved a question of evidentiary rather than ultimate fact. Consequently, trial of the latter offense would

not be an attempt to relitigate the allegation of that offense. For this reason we do not believe that section 3—4(b)(2) or the concept of collateral estoppel is applicable. See *People v. Ward* (1978), 72 Ill. 2d 379, 381 N.E.2d 256; *People v. Williams* (1975), 59 Ill. 2d 557, 322 N.E.2d 461.

The judgment of the circuit court is reversed and the cause remanded.

Reversed and remanded.

O'CONNOR and CAMPBELL, JJ., concur.