THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
GERALD SCHLAISS, Defendant-Appellant.

Second District   No. 2—86—0903

Opinion filed August 24, 1988.

G. Joseph Weller and Francine Harrison, both of State Appellate Defender's Office, of Elgin, for appellant.

Fred L. Foreman, State's Attorney, of Waukegan (William L. Browers and Lori J. Miller, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE WOODWARD delivered the opinion of the court:

Defendant, Gerald Schlaiss, was convicted of battery (Ill. Rev. Stat. 1985, ch. 38, par. 12—3(a)(1)) after a bench trial in the circuit court of Lake County. On appeal, defendant contends that he was denied counsel because his representation by an unlicensed law student violated Supreme Court Rule 711 (107 Ill. 2d R. 711). We reverse and remand the cause for a new trial.

Defendant was charged by information with the offense of battery when he allegedly caused bodily injury to Janice Schlaiss by striking her in the face. A second information charged the defendant with having violated a protective order when he allegedly committed the battery for which he was charged in the original information.

At trial, defendant was represented by Madison Gordon, a law school graduate working with the Lake County public defender's office pursuant to Supreme Court Rule 711. Immediately prior to trial, Gordon stated that he was operating under the supervision of Maureen Casey under the supreme court rule. The record also indicates that Assistant Public Defender, Maureen Casey was present at the trial. The State was represented by Mary Ann Phillips, who was also a Rule 711 law student. Phillips stated that she would be supervised by Steven McCollom of the State's Attorney's office, who was present in court.

The State began its case with the testimony of Janice Schlaiss. Mrs. Schlaiss said that on May 26, 1986, she went to the residence of her former husband, Gerald Schlaiss, to pick up her two children. She said that the defendant came out of his room, followed her to the car, and hit her in the face with his palm, thereby breaking her nose.

Susan McKenzie testified next for the State. She said that she saw Mrs. Schlaiss shortly after the alleged incident and that she seemed upset, and her nose was swollen.

After the close of the State's case in chief, Madison Gordon moved for a directed verdict as to both counts. The court granted this motion with respect to the charge of violation of an order of protection based on the fact that no order of protection had been admitted.

Gerald Schlaiss testified on his own behalf. He related that when Mrs. Schlaiss arrived at his home on May 26, 1986, to pick up their children, she appeared to be intoxicated. He said that he reached into her car to turn off the ignition in an effort to prevent her from driving, at which point Mrs. Schlaiss bit him on the arm. In response, Schlaiss jerked his hand away, causing his arm to strike Mrs. Schlaiss in the face.

Closing arguments were conducted off the record. The court found the defendant guilty of battery.

A sentencing hearing was conducted on September 3, 1986. The defendant was, again, represented by Madison Gordon. Gordon identified himself for the record as Madison Gordon, assistant public defender. The record also indicates that Assistant Public Defender Mau-

reen Casey was present at the sentencing hearing.

The defendant was sentenced to serve one-year conditional discharge and four months' work release with continued counseling. This appeal followed.

Defendant argues that he was deprived of his constitutional right to counsel because: (1) he did not consent in writing to be represented by someone with a Rule 711 license, and (2) Gordon was not supervised, as required by Rule 711. The State responds by arguing that Gordon's supervisor was present during Schlaiss' trial and that statements made on the record show substantial compliance with Rule 711's consent requirement.

■ Supreme Court Rule 711 states in pertinent part:

"(c) Services Permitted. Under the supervision of a member of the bar of this State, *and with the written consent of the person on whose behalf he is acting, which shall be filed in the case and brought to the attention of the judge or presiding officer, an eligible law student or graduate may render the following services*:

\*\*\*

(2) He may appear in the trial courts and administrative tribunals of this State, subject to the following qualifications:

\*\*\*

(ii) In criminal cases, in which the penalty may be imprisonment, in proceedings challenging sentences of imprisonment, and in civil or criminal contempt proceedings, the student or graduate may participate in pretrial, trial, and post-trial proceedings *as an assistant of the supervising member of the bar, who shall be present and responsible for the conduct of the proceedings*." (Emphasis added.) 107 Ill. 2d R. 711(c)(2)(ii).

*In re Moore* (1978), 63 Ill. App. 3d 899, involved an involuntary commitment proceeding where the respondent was represented by a law student with a Rule 711 license. The *Moore* court vacated the trial court's judgment because no written consent form had been filed with the court, and the record did not affirmatively indicate whether the trial court or the respondent was aware that the student was not a licensed attorney. *Moore*, 63 Ill. App. 3d at 904.

In *City of Seattle v. Ratliff* (1983), 100 Wash. 2d 212, 667 P.2d 630, the supreme court of Washington considered whether a defendant was denied counsel when a trial court allowed a legal intern to represent a client without an opportunity to consult with a supervis-

ing attorney. In finding that the defendant's right to counsel was violated, the *Ratliff* court stated:

"Although one who is authorized to practice only under certain conditions, such as a legal intern, may be considered 'counsel' for constitutional purposes, this is so *only* when he or she complies with those conditions. \*\*\* Thus, in contrast to representation in accordance with governing rules, representation by a law student intern who fails to comply with the conditions placed upon his or her practice does constitute an absolute denial of the right to counsel which requires reversal. [Citation.]" (Emphasis in original.) *Ratliff*, 100 Wash. 2d at 218-19, 667 P.2d at 633-34.

In cases where representation by a law student has been upheld, the record has affirmatively indicated the defendant's consent to the representation or knowledge that he was being represented by a student. See, *e.g.*, *People v. Perez* (1979), 24 Cal. 3d 133, 594 P.2d 1, 155 Cal. Rptr. 176; *People v. Masonis* (1975), 58 Mich. App. 615, 228 N.W.2d 489.

In the present case, Rule 711 specifically states that written consent of the client is necessary as a condition of representation by a Rule 711 licensee. While admitting that the rule was not literally complied with, the State argues that there was substantial compliance with the rule. However, the two cases cited in support of the State's position are inapposite to the case at bar. In *People v. Krantz* (1974), 58 Ill. 2d 187, the supreme court rule involved contained the words "substantial compliance." (*Krantz*, 58 Ill. 2d at 191.) In *People v. Dodd* (1974), 58 Ill. 2d 53, the record affirmatively indicated compliance with Supreme Court Rule 651(c), even though a required certificate was not filed. *Dodd*, 58 Ill. 2d at 56.

In this case, the only mention of Gordon's status was a brief statement at the beginning of the trial when Gordon said: "For the record, I will be operating under the supervision of Maureen Casey under Supreme Court Rule 711." In addition, at the sentencing hearing, Gordon stated that he was an assistant public defender. There is no affirmative indication from the record that defendant acquiesced in such representation, or that anyone informed defendant that Gordon was not a licensed attorney. Because the conditions necessary for Gordon's representation of Schlaiss were not met, he cannot be considered "counsel" for constitutional purposes. Therefore, under these facts, we conclude that the defendant was denied counsel in violation of the sixth amendment to the Constitution of the United States, and his conviction must be reversed and the cause remanded for a new

trial. *Holloway v. Arkansas* (1978), 435 U.S. 475, 489, 55 L. Ed. 2d 426, 437-38, 98 S. Ct. 1173, 1181.

The judgment of the circuit court of Lake County is reversed, and this cause is remanded for a new trial.

Reversed and remanded.

NASH and REINHARD, JJ., concur.