THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
LARRY SANDERS, Defendant-Appellant.

First District (3rd Division)   No. 1—87—2673

Opinion filed June 27, 1990.—Rehearing denied August 9, 1990.

Michael J. Pelletier and Mitchell Katten, both of State Appellate Defender's Office, of Chicago, for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Renee Goldfarb and Kevin Sweeney, Assistant State's Attorneys, of counsel), for the People.

JUSTICE FREEMAN delivered the opinion of the court:

Defendant, Larry Sanders, was charged in three separate informations with the offense of selling a controlled substance, to wit, cocaine, to an undercover police officer on three separate occasions. After a trial in the circuit court of Cook County, a jury acquitted defendant of the charge of delivery on the last occasion. The trial

court thereafter denied defendant's motion to dismiss the two remaining charges based on the doctrine of collateral estoppel. He appeals.

In view of the facts that defendant asserted an entrapment defense at trial and that he relies upon the assertion of that defense in arguing his appeal, and in view of our disposition of his appeal, the facts of the case which we need to note are few. Specifically, defendant was tried for delivering cocaine to an undercover police officer on June 6, 1986. In the course of that trial, the State introduced evidence of defendant's delivery of cocaine to the same police officer on two prior occasions, May 15 and 22, 1986.

OPINION

On appeal, defendant contends, essentially as he did in the trial court, that the State is collaterally estopped from trying him on the charges of delivering cocaine on May 12 and 22 because any trial of those charges would violate the double jeopardy clause of the United States Constitution. (U.S. Const., amends. V, XIV.) That is so, defendant reasons, because the acquittal in the trial of the June 6 charge had to have been based on a finding that he was entrapped into each delivery of cocaine made to the undercover police officer. That is so, he concludes, because the evidence at trial established a continual pattern of improper inducements, by the undercover police officer and the officer's paid informant, to commit the offenses with which he was charged. The evidence did not establish separate and independent transactions.

■ The leading case on the issue presented here is *Ashe v. Swenson* (1970), 397 U.S. 436, 25 L. Ed. 2d 469, 90 S. Ct. 1189. In *Ashe*, several men robbed six others playing poker. Ashe was tried for the robbery of one of the six poker players. He was acquitted after the witnesses were unable to identify him. Ashe was then tried and convicted of the robbery of another of the poker players. In reversing the conviction, the United States Supreme Court held that the doctrine of collateral estoppel, which simply meant that an issue of ultimate fact, one decided by a valid final judgment, could not be relitigated by the same parties, was incorporated into the Federal double jeopardy clause. The court further instructed that the doctrine was to be applied, not with the hypertechnical and archaic requirements of a 19th century pleading book but with realism and rationality. Moreover, it instructed that, where a prior trial ended in an acquittal, a court must examine the record and take into account the pleadings, evidence, charge and other relevant matter and determine whether a finder of fact could rationally have based its verdict on an issue other than that

which the defendant seeks to bar from consideration in a second trial. In *Ashe*, for instance, the court found that the only issue the jury therein could have rationally decided was whether Ashe was one of the robbers. Therefore, the court concluded that the jury verdict that he was not estopped the State from relitigating the issue.

Notwithstanding the Illinois progeny of *Ashe* which both defendant and the State have cited in support of their contrary arguments, we find the case of *People v. Elvart* (1989), 189 Ill. App. 3d 524, 545 N.E.2d 331, which neither party has cited but which our own research revealed, to be dispositive of the issue in this case. In *Elvart*, as in this case, the defendant was charged with delivering cocaine on three separate dates. As in this case, the charge relating to the last delivery was tried first and the defendant was acquitted. At trial, the defendant, like defendant here, had raised the defense of entrapment and the State had introduced the two earlier transactions to prove the defendant's predisposition to commit the later offense. The defendant was subsequently convicted of the earlier offenses.

The defendant in *Elvart* contended that the prosecution of those offenses was barred by either the double jeopardy clause or collateral estoppel. In rejecting the defendant's double jeopardy argument, the appellate court relied, *inter alia*, on the facts that the defendant had not been charged with the earlier offenses at the time of trial of the later offenses and that proof of those offenses was neither at issue nor required for the prosecution of the later offense. In rejecting the defendant's collateral estoppel argument, the court reasoned that: (1) the earlier offenses were not ultimate issues of fact in the prosecution of the later offense; (2) they were admitted at the earlier trial for the limited purpose of rebutting the defendant's entrapment defense; (3) proof of the earlier offenses was not required to sustain a conviction for the later offense; (4) defendant's acquittal of the later offense was not inconsistent with a finding of guilt of the earlier offenses. *Elvart*, 189 Ill. App. 3d at 531-32.

It is manifest from the foregoing that the *Elvart* court implicitly adopted the distinction, made in many double jeopardy/collateral estoppel cases, between evidentiary and ultimate facts in finding that the State was not collaterally estopped from prosecuting the defendant for the earlier offenses notwithstanding the admission of evidence of those offenses at the trial of the later offense.

■ The parties have not discussed the distinction recognized in *Elvart* (see also *People v. Mendoza* (1981), 94 Ill. App. 3d 1119, 419 N.E.2d 390) between evidentiary facts and ultimate facts in the collateral estoppel context. We are thus left to address on our own how

that distinction affects our decision in this case. So doing, we conclude that, in this case, comparably to *Mendoza* and *Elvart*, the earlier offenses were merely evidentiary facts at the trial of the later offense. As in *Elvart*, the May 15 and 22 deliveries were not ultimate issues of fact in the prosecution of the June 6 offense and were admitted at the trial of that offense for the limited purpose of rebutting the defendant's entrapment defense. Moreover, proof of the earlier offenses was not required to sustain a conviction for the later offense and defendant's acquittal of the later offense would not be inconsistent with a finding of guilt of the earlier offenses. As such, we do not believe that the State is collaterally estopped from prosecuting defendant for the earlier offenses.

For all the foregoing reasons, we affirm the order denying defendant's motion to dismiss the two pending charges of delivering cocaine in May 1986.

Affirmed.

CERDA, P.J., and WHITE, J., concur.