THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GEORGE RONALD BRIGHAM, Defendant-Appellant.

Second District   No. 2—90—0226

Opinion filed February 21, 1991.

Josette Skelnik, of Robinson & Skelnik, of Elgin, for appellant.

James E. Ryan, State's Attorney, of Wheaton (Barbara A. Preiner, Assistant State's Attorney, and William L. Browers of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE INGLIS delivered the opinion of the court:

Defendant, George Brigham, appeals from an order of the circuit court of Du Page County which dismissed his post-conviction petition without an evidentiary hearing. Defendant contends that his petition should not have been dismissed because he was denied his constitu-

tional right to counsel at his trial. In addition, defendant asserts that he was denied the effective assistance of counsel in the trial court and on direct appeal to this court. We reverse and remand.

In August 1985, defendant was charged with unlawful possession with intent to deliver 30 grams or more of a controlled substance (cocaine) (Ill. Rev. Stat. 1985, ch. 56½, par. 1401(a)(2)), unlawful possession of 30 grams or more of a controlled substance (cocaine) (Ill. Rev. Stat. 1985, ch. 56½, par. 1402(a)(2)), unlawful possession of more than 30 grams but not more than 500 grams of a substance containing cannabis (Ill. Rev. Stat. 1985, ch. 56½, par. 704(d)), and unlawful possession of a firearm (Ill. Rev. Stat. 1985, ch. 38, par. 24—3.1(a)(3)). Following a jury trial, defendant was found guilty of each offense and was subsequently sentenced to 18 years' imprisonment for the possession with intent to deliver cocaine charge, along with concurrent terms of six years for unlawful possession of a firearm and four years for unlawful possession of cannabis. Defendant was also assessed a $190,000 fine based on his possession of cocaine with intent to deliver conviction. No sentence was imposed on defendant's conviction of possession of cocaine.

Defendant's motion for a new trial was denied, and he subsequently filed a notice of appeal to this court. On January 20, 1988, this court affirmed defendant's convictions in an order filed pursuant to Supreme Court Rule 23 (134 Ill. 2d R. 23). *People v. Brigham* (1988), 165 Ill. App. 3d 1162 (unpublished order under Supreme Court Rule 23).

On October 23, 1989, defendant filed a two-count petition for post-conviction relief. In the petition, defendant alleged that he was denied his constitutional right to counsel when he was represented at trial by an attorney who was not authorized to practice law in this State. In count II of the petition, defendant asserted that he did not receive the effective assistance of counsel based on the failure of his attorney to tender a jury instruction on a lesser included offense.

The facts underlying the chronology of defendant's petition are summarized as follows. Defendant's attorney, Phillip Walker, was removed from the master roll of attorneys on February 1, 1986, for failure to pay his registration fees. Walker never paid his past-due fees and was thus never reinstated to the master roll. On July 3, 1986, Walker entered his appearance in this case, which was subsequently tried in September 1986. Following the guilty verdicts, Walker was granted leave of court to withdraw as counsel for defendant and was replaced by attorney Sam Adam. Adam later filed a motion for a new trial, primarily based on allegations of ineffective assistance of coun-

sel, and later represented defendant on appeal. On February 4, 1987, Walker was suspended from the practice of law in this State for the failure to respond to two *subpoenas duces tecum* and remained suspended as of February 16, 1989, according to a letter from the Attorney Registration and Disciplinary Commission (ARDC) found in the record on appeal.

As we previously indicated, defendant filed his post-conviction petition on August 23, 1989. Attached to the petition was defendant's affidavit in which he stated that he believed Walker was licensed to practice law in this State at the time defendant retained Walker. Furthermore, defendant averred that he would not have hired Walker had he known that Walker was not licensed.

On January 9, 1990, the State filed a motion to dismiss defendant's petition, arguing that defendant's new attorney, Sam Adam, was aware that Walker's name did not appear on the master roll but failed to make the argument on defendant's direct appeal to this court. Thus, the State contended that the issue was waived. In addition, the State argued that the mere absence of Walker's name from the master roll in no way resulted in ineffective assistance of counsel because defendant could not demonstrate that the outcome of the trial would have been different had his attorney "not been laboring under such a disability." The State attached to its motion to dismiss an affidavit of the assistant State's Attorney who prosecuted defendant's case. In the affidavit, the prosecutor stated that Walker was allowed to withdraw from the case after Adam informed the court that Walker's name had been removed from the master roll at the time of the trial.

On January 25, 1990, defendant filed an answer to the State's motion to dismiss in which he admitted that attorney Adam was aware that Walker's name was not on the master roll, but denied that Adam knew of any other disciplinary or professional problems of Walker. Defendant also argued that he was not simply contending that he was denied the effective assistance of counsel, but instead that Walker "was not 'counsel' for purposes of satisfying constitutional requirements." Defendant attached an affidavit of Sam Adam to his answer in which Adam agreed that he advised the trial judge and prosecutor of Walker's nonregistration status for 1986. However, defendant was not aware of Walker's professional status at this time. In addition, Adam indicated that he was unaware that Walker was subject to an ARDC investigation at that time and was later suspended from the practice of law.

On February 20, 1990, the trial court granted the State's motion to dismiss defendant's petition. The court determined that defendant

waived the issue of Walker's nonregistration by failing to raise it in the initial appeal. Notwithstanding waiver, the court further concluded that the absence of Walker's name on the master roll in no way resulted in incompetent representation or fell below the objective reasonable standard announced in *Strickland*. The court thus found no constitutional violation in this case. Defendant filed a timely notice of appeal.

Defendant first contends that he is entitled to a new trial because he was represented by an attorney who was not licensed to practice law at the time of defendant's trial. Defendant argues that his attorney did not qualify as "counsel" for purposes of satisfying his constitutional right to the assistance of counsel at trial. See U.S. Const., amend VI.

■■ The State disagrees, arguing instead that defendant has waived this issue by failing to raise the argument on his direct appeal to this court. In addition, the State contends that, even absent any waiver, defendant cannot prevail because he is simply challenging his counsel's trial performance and is thus claiming that he did not receive the effective assistance of counsel. The State asserts that this case should be determined based on the two-prong test enunciated in *Strickland v. Washington* (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052. Under this test, defendant cannot prevail unless he can demonstrate that his attorney's conduct was professionally deficient and, but for the deficiency, there is a reasonable probability that the result of the trial would have been different. *Strickland*, 466 U.S. at 687-88, 80 L. Ed. 2d at 693, 104 S. Ct. at 2064-65.

We first consider the State's contention that defendant waived consideration of this issue by failing to raise the issue during his first appeal. The State argues that defendant's second attorney, Sam Adam, was aware that Walker's name had been removed from the master roll, and thus the issue could have been raised previously.

■■ We note, however, that defendant himself was not aware of his attorney's unregistered status until *after* our Rule 23 disposition affirmed his convictions. Defendant did not participate in the in-chambers conference at which his trial attorney's unregistered status was first revealed. Instead, only the judge, prosecutor, and new defense attorney were present. It would be fundamentally unfair to hold that defendant waived the issue of whether he was denied the right to counsel at trial under these specific facts. See *People v. Burns* (1979), 75 Ill. 2d 282, 290 (strict application of waiver rule should be relaxed in instances where fundamental fairness so requires, whether on direct appeal or in post-conviction proceedings).

Supreme Court Rule 756 (134 Ill. 2d R. 756) governs the registration of attorneys in this State. This rule provides, in pertinent part:

> "(b) **The Master Roll.** The Administrator shall prepare a master roll of attorneys consisting of the names of attorneys who have registered and have paid or are exempt from paying the registration fee. *** *An attorney who is not listed on the master roll is not entitled to practice law or to hold himself out as authorized to practice law in this State.*
>
> ***
>
> (d) **Removal From the Master Roll.** On February 1 of each year the Administrator shall remove from the master roll the name of any person who has not registered for that year. Any person whose name is not on the master roll and who practices law or who holds himself out as being authorized to practice law in this State is engaged in the unauthorized practice of law and may also be held in contempt of the court." (Emphasis added.) (134 Ill. 2d Rules 756(b), (d).)

The question we must answer is whether defense counsel's failure to pay his registration fees, which subsequently resulted in his removal from the master roll and, in effect, the unauthorized practice of law, denied defendant his right to counsel.

Defendant argues that the facts found in the present case are analogous to those found in *People v. Schlaiss* (1988), 174 Ill. App. 3d 78. In *Schlaiss*, the defendant was represented by a law student pursuant to Supreme Court Rule 711 (107 Ill. 2d R. 711). However, the defendant did not consent in writing to be represented by the law student, in violation of Supreme Court Rule 711(c) (107 Ill. 2d R. 711(c)). This court reversed the defendant's conviction of battery, stating that "[b]ecause the conditions necessary for [the law student's] representation of [the defendant] were not met, he cannot be considered 'counsel' for constitutional purposes." (*Schlaiss*, 174 Ill. App. 3d at 81.) We held that the defendant was thus denied the right to counsel as guaranteed by the sixth amendment to the United States Constitution. 174 Ill. App. 3d at 81-82, citing *Holloway v. Arkansas* (1978), 435 U.S. 475, 489, 55 L. Ed. 2d 426, 437-38, 98 S. Ct. 1173, 1181.

The State disagrees, arguing that *Schlaiss* does not apply in the present case because the defendant in *Schlaiss* was not informed that his "attorney" was actually a law student and did not consent in writing to such an arrangement. The State points out that defendant, in the present case, proceeded to trial with "the counsel of his choice" and was provided effective representation. Thus, the State contends

that defendant was not deprived of his right to counsel in this case.

Instead, the State argues that this case more closely resembles the facts present in *People v. Elvart* (1989), 189 Ill. App. 3d 524. In *Elvart*, the defendant argued that he was denied the effective assistance of counsel because, *inter alia*, his trial counsel was not a registered attorney in Illinois. The appellate court disagreed, holding that the *Strickland* test was not satisfied "by a mere showing that defense counsel was removed from the Master Roll of Attorneys for failing to pay his registration fee." (*Elvart*, 189 Ill. App. 3d at 529.) The court noted that Supreme Court Rule 756 does not suggest that the nonpayment of fees renders an attorney *per se* constitutionally ineffective. 189 Ill. App. 3d at 530.

■ We, however, decline to follow the ruling in *Elvart* based on our reading of the specific wording of Supreme Court Rule 756. This rule specifically states that "[a]n attorney who is not listed on the master roll is not entitled to practice law or hold himself out as authorized to practice law in this State." (134 Ill. 2d R. 756(b).) It is undisputed that defendant's attorney at trial was not listed on the master roll at the time of the trial, and we can find nothing in the record to indicate that he was ever reinstated to the master roll. Since this condition was not met, defendant's attorney was not authorized to practice law in this State and thus cannot be considered "counsel" for constitutional purposes in this case. Therefore, under these facts, we conclude that defendant was denied counsel under the sixth amendment to the United States Constitution, and his conviction must be reversed and the cause remanded for a new trial. See *Schlaiss*, 174 Ill. App. 3d at 81-82.

In so doing, we recognize the possible impact this decision may have upon many cases in which an attorney is not legitimately entitled to practice law because he or she failed to pay the requisite fees. We urge our supreme court to consider this case as a vehicle by which it may reveal its intent with respect to Supreme Court Rule 756 under these situations.

Furthermore, we disagree with the State's suggestion that the appropriate sanction is to "subject the lawyer to the court's contempt power" in cases such as this. The rule specifically states that an attorney who fails to register and continues to practice law "is engaged in the unauthorized practice of law *and may also* be held in contempt of the court." (Emphasis added.) (134 Ill. 2d R. 756(d).) At a minimum, defendant was constitutionally entitled to be represented by an attorney who was authorized to practice law in this State. Simply subjecting an attorney to the court's contempt power, without more, in no

way vitiates this constitutional deficiency. We believe the only way to remedy this sixth amendment violation is to provide defendant with a new trial so that he can have a registered and "authorized" attorney represent him.

Because of our disposition of this issue, we need not address defendant's second contention concerning defense counsel's failure to tender a certain jury instruction at trial and the ineffectiveness of appellate counsel in failing to raise the issue on appeal.

For these reasons, the judgment of the circuit court of Du Page County is reversed, and the cause is remanded for a new trial.

Reversed and remanded.

WOODWARD and NICKELS, JJ., concur.