SECOND DIVISION
August 5, 2008

No. 1-06-1187

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| | ) | Cook County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KENNETH SMITH, | ) | Honorable |
| | ) | Marjorie Laws, |
| | ) | Judge Presiding. |
| Defendant-Appellant. | ) | |

JUSTICE SOUTH delivered the opinion of the court:

Following a jury trial, defendant, Kenneth Smith, was convicted of possession of a controlled substance with intent to deliver and sentenced to 12 years in the Illinois Department of Corrections. The Cook County public defender's office represented him throughout the entire proceedings.

A motion to quash arrest and suppress evidence was filed on defendant's behalf and heard on August 23, 2005. The report of these proceedings reflects that defendant was represented by Lakshmi Jha, an assistant public defender, and John Borras "pursuant to Supreme Court Rule 711." See 210 Ill. 2d R. 711. Mr. Borras conducted the direct examination of defendant, who testified that on March 1, 2005, at about 8:50 p.m., he was walking down the street when police officers pulled up behind him, got out of their car, stopped him, and asked him if he knew anything about a gun. At that time, according to defendant, the police officers

searched him, and after finding two packets of heroin on him, placed him under arrest. Defendant further testified that the police officers did not have a warrant for his arrest or a search warrant, and he was not engaging in any criminal activity which would have justified the stop.

The cross-examination by the assistant State's Attorney merely established that defendant was in the area to visit his son, and he did not know the officers prior to March 1, 2005. Additionally, it was brought out by the prosecutor that another male, whom defendant did not know, was in the vicinity and was also arrested at the same time.

With that, the defense rested.

The State called Officer Griggs of the Chicago police department who testified that on March 1, 2005, he was conducting a narcotics surveillance when he observed defendant in the company of an individual known as Antonio Rollins. During the surveillance, defendant and Rollins engaged in what appeared to be several narcotics transactions with a number of cars that pulled up to them. At various times, either defendant or Rollins would go up to a car, engage in a conversation with the occupant, and receive what appeared to be United States currency from the individuals in the cars. On the last such transaction, Officer Griggs observed Rollins take money from the female driver of a car, walk over to defendant and hand him an object, at which time defendant took the object and handed it to the female driver, who then drove away. After observing this transaction, Officer Griggs radioed for enforcement officers to detain defendant, Rollins, and the female driver. Defendant was arrested, and after a pat-down search, approximately three or four packets of heroin were recovered from his person. Griggs testified that based upon his experience and knowledge as a narcotics police officer, he had observed

defendant engaging in what appeared to be a series of narcotic transactions, which constituted probable cause to arrest and search him.

Assistant Public Defender Jha conducted the cross-examination of Officer Griggs. The State then rested, and both sides presented closing arguments. Mr. Borras, the 711 student, gave the closing argument on behalf of defendant.

In its ruling, the trial court denied the motion, stating essentially that she found the testimony of the police officer to be more credible than that of the defendant.

During the actual trial, defendant was represented by assistant Public Defenders Jha and Timothy King. The State called five witnesses: three Chicago police officers who participated in the narcotics surveillance, the forensic chemist who tested the substance recovered from defendant, and the principal of a nearby elementary school where the transactions occurred. All of the State's witnesses were cross-examined by either Jha or King. Additionally, Jha argued against the motions *in limine* presented by the State and for the motions *in limine* on behalf of defendant. She also submitted the jury instructions, made opening statements and closing argument, participated during the side-bar discussions, and interposed all or most of the objections during the trial. The 711 student never participated during the trial proceedings. The defense did not present any witnesses.

On appeal, defendant contends he was denied counsel because he was represented by an unlicensed law student without his knowledge or consent during the motion to quash and suppress, in violation of Supreme Court Rule 711.

Illinois Supreme Court Rule 711 provides, in pertinent part:

"(a) Eligibility. A student in a law school approved by the American Bar Association may be certified by the dean of the school to be eligible to perform [services] *** if he/she satisfies the following requirements[.]:

* * *

(c) Services Permitted. Under the supervision of a member of the bar of this State, and with the written consent of the person on whose behalf he/she is acting, which shall be filed in the case and brought to the attention of the judge or presiding officer, an eligible law student or graduate may render the following services:

***

(2) He/She may appear in the trial courts and administrative tribunals of this State, subject to the following qualifications:

***

(ii) In criminal cases, in which the penalty may be imprisonment, *** the student or graduate may participate in pretrial, trial, and posttrial proceedings as an assistant of the supervising member of the bar, who shall be present and responsible for the conduct of the proceedings."

- 4 -

210 Ill. 2d R. 711(a), (c)(2)(ii).

Initially, the State acknowledges that no written consent was ever obtained from defendant. Furthermore, our reading of the record indicates that defendant was never apprised, verbally or in writing, of Mr. Borras' Rule 711 status at any time during the proceedings. The question then becomes whether this clear violation of Rule 711 mandates an automatic reversal of defendant's conviction and remand for a new trial.

Judicial review regarding ineffective assistance of counsel is performed on a case-by-case basis in an attempt to comprehend counsel's perception and integration of the combination of facts, circumstances, and law unique to that case. People v. Truly, 230 Ill. App. 3d 948, 956 (1992). The situation in one case may not easily be analogized to the situation in another. To hold that an attorney's failure to obtain defendant's written consent is *per se* ineffective assistance of counsel would handicap and restrict judicial review of such violations in other cases where ineffective assistance of counsel is alleged. Truly, 230 Ill. App. 3d at 957.

In People v. Schlaiss, 174 Il. App. 3d 78 (1988), the defendant was represented during a bench trial on the charge of battery by a law school graduate who was working with the Lake County public defender's office pursuant to Supreme Court Rule 711. Immediately prior to trial, the graduate student advised the trial court that he was "operating under the supervision of [a licensed assistant public defender and that this attorney] was present at the trial." Schlaiss, 174 Ill. App. 3d at 79. On appeal, the court noted that the only mention of the student's Rule 711 status was a brief statement at the beginning of the trial when he said he would be operating under the supervision of the licensed assistant public defender and was an assistant public

1-06-1187

defender. The court went on to state:

> "There is no affirmative indication from the record that defendant acquiesced in such representation, or that anyone informed defendant that [the Rule 711 student] was not a licensed attorney. Because the conditions necessary for [his] representation of Schlaiss were not met, he cannot be considered 'counsel' for constitutional purposes. Therefore, under these facts, we conclude that the defendant was denied counsel in violation of the sixth amendment to the Constitution of the United States, and his conviction must be reversed and the cause remanded for a new trial." Schlaiss, 174 Ill. App. 3d at 81-82.

In In re Moore, 63 Ill. App. 3d 899 (1978), the respondent was found to be in need of mental treatment and hospitalized at a mental health facility following a jury trial. Moore, 63 Ill. App. 3d at 899. Prior to trial, respondent elected to represent himself but selected a Rule 711 student to act as second chair during his trial after being advised by the court that he should do so. Moore, 63 Ill. App. 3d at 900. In reversing and remanding to vacate the judgment which found respondent in need of mental treatment, this court noted that the record failed to disclose any affirmative signal that either respondent or the trial judge was aware of the student's Rule 711 status, and no written consent form by respondent appeared in the record. Moore, 63 Ill. App. 3d at 904. Furthermore, this court noted that the trial judge mistakenly believed that the Rule 711 student was an assistant public defender and therefore a licensed attorney. Moore, 63

- 6 -

Ill. App. 3d at 904.

In the instant case, we are presented with a situation where Supreme Court Rule 711 was not complied with during the proceedings on the motion to quash and suppress. No one would dispute that such a motion is a critical stage of any criminal proceeding because it determines whether crucial evidence will be admissible at trial. In this case, had the motion been granted and the heroin suppressed, the State would have been rendered powerless to proceed against defendant.

However, each case must be evaluated on its own unique set of facts. In the case at bar, Borras, the Rule 711 student, never participated at the trial and only conducted the direct examination of defendant and closing argument at the hearing on the motion to quash and suppress. The testimony which Borras elicited during defendant's direct examination merely established what was alleged in the written motion, *i.e.,* that he was not committing a crime immediately prior to or at the time of his arrest and that, therefore, the police lacked probable cause to detain and search him. Furthermore, it was assistant public defender Jha who conducted the cross-examination of the State's sole witness, Officer Griggs. Furthermore, Borras' closing argument merely exhorted the court to find defendant's testimony more credible than that of Officer Griggs.

However, during the trial itself, defendant was at all times fully represented by two licensed attorneys who conducted every aspect of the proceedings, which included the cross-examination of all State witnesses, objections, motions *in limine*, jury instructions, opening statements, and closing arguments. Borras never participated, and it is unclear whether he was

1-06-1187

even present.

While we agree that a defendant is entitled to competent representation in court, this case cannot support a charge of ineffective assistance of counsel or a deprivation of counsel based upon counsel's failure to obtain defendant's consent allowing a Rule 711 law student to participate in the motion to quash and suppress. Under the unique set of facts of this case, the violation of Supreme Court Rule 711 does not mandate a reversal of defendant's conviction since he was represented by two licensed attorneys and never deprived of counsel during his trial.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

HALL and KARNEZIS, JJ., concur.